**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

Cause No. _____

ANITA JORGE, INDIVIDUALLY
& ON BEHALF OF OTHERS SIMILARLY SITUATED          PLAINTIFF

vs.

ATLANTIC HOUSING FOUNDATION, INC. and
MICHAEL NGUYEN                                    DEFENDANTS

**PLAINTIFF'S COMPLAINT**

COME now Plaintiff Anita "India" Jorge, by and through her attorney Ocker Law Firm, PLLC., and for her Complaint (hereinafter "Complaint") against Defendants Atlantic Housing Foundation, Inc., (hereinafter "Atlantic Housing"), and Michael Nguyen do hereby state and allege as follows:

**I. INTRODUCTION, JURISDICTION AND VENUE**

1. Plaintiff and those similarly situated seek an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 215, 216(b) and 217.

2. Jurisdiction of this action is conferred on the Court by 29 U.S.C. §§ 216(b), 217; 28 U.S.C. § 1331 and 28 U.S.C. § 1337. Venue lies within the district, pursuant to 28 U.S.C. § 1391.

3. At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* (hereafter referred to as "FLSA").

## II. THE PARTIES

### A. DEFENDANTS

4. Defendant Atlantic Housing Foundation Inc., is a foreign non-profit corporation and was the Plaintiff's employer for all relevant time periods. Defendant Atlantic Housing is registered to do business in Texas. For all of the similarly situated employee Plaintiffs, Defendant Atlantic Housing is currently or was their employer within the meaning of the Fair Labor Standards Act, 29 U.S.C § 203(d). The registered agent for Defendant Atlantic Housing is Michael Nguyen at 5910 North Central Expressway, Suite 13101 Dallas, TX, USA 75206.

5. Defendant Michael Nguyen is the Chief Executive Officer of Atlantic Housing and makes all decisions regarding pay practices. For all of the similarly situated employee Plaintiffs, Defendant Nguyen is currently or was their employer within the meaning of the Fair Labor Standards Act, 29 U.S.C § 203(d).

### B. PLAINTIFF

6. Plaintiff Anita "India" Jorge is currently employed by Defendants as a Residential Coordinator and is non-exempt from the requirements of the Fair Labor Standards Act.

7. Plaintiff brings this action on behalf of herself and on behalf of all other Atlantic Housing employees, whether past, present or future, who are or were 1) employed by Atlantic Housing as a Resident Coordinator and/or in similar position; 2) did not receive minimum wage for hours worked; and 3) did not receive overtime for hours worked in excess of forty (40) hours per week.

## III. FACTUAL ALLEGATIONS

8. Defendant Atlantic Housing is a non-profit organization that claims to foster, support, acquire, construct, rehabilitate and operate qualified affordable housing for low-income persons and families, elderly and mentally or physically disabled persons where no adequate housing exists for such persons.

9. Defendant Atlantic Housing hires Resident Coordinators for each property to manage "after school programs" and other events that Defendant claims are directly related to its mission.

10. Resident Coordinators, including Plaintiff, are expected to work up to 25 hours per week and more during special events but are only paid $50 per week plus housing.

11. Defendant Atlantic Housing takes an illegal credit against Resident Coordinators' pay that it describes as a "rent concession."

12. Resident Coordinators are only paid $50 per week no matter how many hours a week they work, and the "rent concession" paid in lieu of wages is not based on actual costs as required by the FLSA but instead based on whatever amount is picked out of thin air in order to keep Resident Coordinators' pay at $50 per week.

13. Plaintiff has been required to work more than forty hours per week without overtime compensation within the last three years, and Defendant has failed to pay Plaintiff both minimum wages and overtime wages.

14. While Resident Coordinators earn as little as $1 per hour of work, Defendant Michael Nguyen, the Chief Executive Officer of Atlantic Housing, is handsomely paid at more than a whopping $1,000,000.00 per year.

15. Defendant Michael Nguyen makes the decisions regarding employment pay,

including the decision to not pay Resident Coordinators the proper minimum wage and overtime pay, and is individually liable for the FLSA violations.

## COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings her Claim for Relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants as a Resident Coordinator at any time within the applicable statue of limitations period, who have not been compensated for all hours worked in excess of forty (40) hours per work week.

17. Plaintiff brings her claim an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. § 216(b), as prospective members of the FLSA Collective Action are similarly situated to Plaintiff and have claims that are similar to Plaintiff's Claim for Relief.

18. Questions of law and fact common to the collective action as a whole include, but are not limited to, the following:

    a. Whether Defendants unlawfully failed and continue to fail to compensate FLSA Collective Action Plaintiff and prospective FLSA Collective Action Plaintiffs for all hours worked in violation of the FLSA, 29 U.S.C. § 201 *et seq.*;

    b. Whether Defendants unlawfully failed and continues to fail to pay minimum wage and/or overtime compensation in violation of the FLSA, 29 U.S.C. § 201 *et seq.*;

    c. Whether Defendants failure to pay minimum wage and/or overtime to the FLSA Collective Action Plaintiff was willful within the meaning of FLSA;

    d. Whether Defendants failed and continues to fail to maintain accurate

      records of actual time worked by the FLSA Collective Action Plaintiffs;

e. Whether Defendants failed and continues to fail to record or report all actual time worked by the FLSA Collective Action Plaintiffs; and

f. Whether Defendants failed and continues to fail to provide accurate wage statements itemizing all actual time worked and wages earned by the FLSA Collective Action Plaintiffs.

19. Plaintiff and the FLSA Collective Action Plaintiffs are similarly situated and are subject to Defendants' common practice, policy or plan of refusing to compensate all hours worked and refusing to pay minimum wage and overtime in violation of the FLSA.

20. The names and addresses of the FLSA Collective Action Plaintiffs are available from Defendant, and notice should be provided to the FLSA Collective Action Plaintiffs *via* first class mail to their last known address as soon as possible.

### IV. PLAINTIFF'S CLAIM FOR RELIEF

**(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, Brought by Plaintiff on Behalf of Herself and all FLSA Collective Action Plaintiffs)**

21. Plaintiff, on behalf of herself and all FLSA Collective Action Plaintiffs, re-allege and incorporate by reference paragraphs stated above as if they were set forth again herein.

22. At all relevant times, Defendants have been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed and/or continues to employ "employee[s]," including Plaintiff and each of the prospective FLSA Collective Action Plaintiffs, who have been and/or continue to be engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have had gross operating revenues in

excess of $500,000.

23. Plaintiff and opt-in Plaintiffs in this action have signed and filed Consent to Sue forms pursuant to Section 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256.

24. The FLSA requires Defendants, as a covered employer, to compensate all non-exempt employees for all hours worked, and to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a work week.

25. Plaintiff and all FLSA Collective Action Plaintiffs are entitled to compensation for all hours worked.

26. Plaintiff and all FLSA Collective Action Plaintiffs are entitled to be paid minimum wage for all hours worked and overtime compensation for all overtime hours worked.

27. At all relevant times, Defendant, pursuant to its policies and practices, failed and refused to compensate Plaintiff and the FLSA Collective Action Plaintiffs for work performed.

28. At all relevant times Defendant, pursuant to its policies and practices, failed and refused to pay minimum wage and overtime premiums to Plaintiff and the FLSA Collective Action Plaintiffs for their hours worked.

29. At all relevant times, the overtime work performed by Defendant's non-exempt employees, including Plaintiffs and the FLSA Collective Action Plaintiffs, was and continues to be required or permitted by Defendant, for the benefit of Defendant, and is directly related to such employees' principal employment with Defendant, and is an integral and indispensable part of such employees' employment with Defendant.

30. Defendant violated and continues to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a), by failing to pay FLSA Collective Action Plaintiffs

for all hours actually worked and by failing to pay FLSA Collective Action Plaintiffs at least one-and-a-half times their regular rates of pay for all hours worked in excess of forty (40) in a workweek.  These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201 *et seq*.

31.  The FLSA also imposes specific employment record-keeping requirements, including the obligation to keep accurate records of all hours worked.  By failing to record, report, and/or preserve records of hours worked by Plaintiffs and the prospective FLSA Collective Action Plaintiffs, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*., including 29 U.S.C. §§ 211(c) and 215(a).  These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201 *et seq*.

32.  As a result of Defendant's violations of law, FLSA Collective Action Plaintiffs are entitled to recover from Defendant the amount of their unpaid wages and overtime compensation, an additional equal amount as liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), prejudgment interest, attorneys' fees, litigation expenses and court costs, pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## V. TEXAS CAUSES OF ACTION

33.  In the alternative, Plaintiff pleads that she and other similarly situated plaintiffs are entitled to compensation for all hours worked pursuant to Chapter 62 of the Texas Labor Code.  The required verification is attached to this Complaint.

## VI. SUMMARY

34. Plaintiffs ask the Court to enter a declaratory judgment, declaring that the Defendants have willfully and wrongfully violated its statutory obligations, and deprived Plaintiffs and those similarly situated of their rights, protection and entitlements under law as alleged in Plaintiffs' complaint.

35. Plaintiffs further request the Court to enter a permanent injunction, restraining and preventing Defendants from withholding the compensation that is due each of the Plaintiffs and those similarly situated and from further violating their rights under the law.

36. Plaintiffs further request the Court to enter a permanent injunction, restraining and preventing Defendant from engaging in retaliatory and discriminatory conduct towards Plaintiffs and other similarly situated employees, that it be restrained from engaging in such conduct against other employees who participate herein or are called to testify herein, and to restrain such conduct of Defendant if other employees complain of wage and hour violations as such rights are protected under the law.

37. Plaintiffs further ask that the Court order a complete and accurate accounting of all the compensation to which Plaintiff is entitled as well as provide a complete listing of the names and addresses of all those employees who are similarly situated as described above.

38. That Plaintiff will ask this Court to award her monetary damages in the form of back-pay compensation, liquidated damages equal to their unpaid compensation, plus interest. This will be for the named Plaintiff and all Plaintiffs similarly situated.

39. Plaintiffs further ask the Court to award them their attorney fees, and their costs and expenses and disbursements in pursuing this cause of action for the named Plaintiffs and all those similarly situated.

## VI. DEMAND FOR JURY TRIAL

40.     Plaintiffs demand a trial by jury upon all issues herein.

**WHEREFORE**, premises considered, Plaintiffs each individually and on behalf of others similar situated, pray that Defendants be summoned to appear and answer; that the Court enter an order restraining Defendants from retaliating, discriminating, harassing or otherwise intimidating Plaintiffs and other similarly situated employees for their participation herein;  further, that the Court enter a declaratory judgment, declaring that Defendants have willfully and wrongfully violated its statutory obligation, and deprived Plaintiffs and all Plaintiffs similarly situated of their rights, protection and entitlements under the law, and particularly the Fair Labor Standards Act as alleged herein; that the Court enter a permanent injunction, restraining and preventing Defendants from withholding the compensation that is due each of the Plaintiffs and all Plaintiffs similarly situated and from further violating their rights under Fair Labor Standards Act and other applicable laws; that the Court order a complete and accurate accounting of all the compensation to which Plaintiffs and all Plaintiffs similarly situated are entitled; that each Plaintiff and all Plaintiffs similarly situated be awarded monetary damages in the form of back-pay compensation, liquidated damages equal to their unpaid compensation, plus interest; that Plaintiffs and all Plaintiffs similarly situated  specifically pray for a jury trial; that Plaintiffs and all Plaintiffs similarly situated should have their attorneys fees paid by Defendants as well as their expenses, costs and any disbursements required to bring this cause of action; and any other just and proper relief to which they may be entitled.

Respectfully submitted,

By: /s/ Dorotha M. Ocker
Dorotha M. Ocker
OCKER LAW FIRM, PLLC
Texas Bar No. 24076597
P.O. Box 192
Addison, TX 75001
Tel. (214) 390-5715
Facsimile: (469) 277-3365
dmo@ockerlawfirm.com

## VERIFICATION

My name is Anita Jorge, my birthday is ▮▮▮▮▮▮ and my address is 12365 Plano Road, APT 3305, Dallas, TX 75243. I declare under penalty of perjury that the forgoing is within my personal knowledge and is true and correct.

Executed in Dallas County, Texas, on August 28, 2019.

_____
Anita Jorge