IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ANITA JORGE, BETHELLINE SCHAEFER, TRINA BARRY, | § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO.  2:19-CV-00296-JRG |
| ATLANTIC HOUSING FOUNDATION, INC., MICHAEL NGUYEN, | § § § § | |
| *Defendants*. | § § | |

## ORDER

Before the Court is Defendants' Motion to Transfer Venue (the "Motion").  (Dkt. No. 6.) Having considered the Motion and related briefing, the Court is of the opinion that it should be and hereby is **GRANTED**.  It is therefore **ORDERED** that the above-captioned case be **TRANSFERRED** to the Northern District of Texas.

### I.    BACKGROUND

Plaintiff Anita Jorge ("Jorge") filed the above-captioned case against Defendants Atlantic Housing Foundation, Inc. ("AHF") and Michael Nguyen ("Nguyen") (collectively, "Defendants") on August 28, 2019, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 215–217 ("FLSA").  (Dkt. No. 1.)  Trina Barry ("Barry") and Bethelline T.  Schaefer ("Schaefer") joined as Plaintiffs (Dkt. Nos. 8, 12), and Jorge, Barry, and Schaefer (collectively, "Plaintiffs") filed an Amended Complaint on October 22, 2019.  (Dkt. No. 16.)

Defendant AHF is a non-profit organization that operated qualified affordable housing for low-income persons and families.  (Dkt. No. 16 at ¶ 29.)  AHF headquarters is located in Dallas,

Texas.  (Dkt. No. 6 at 2.)  Defendant Nguyen is AHF's Chief Executive Officer.  (Dkt. No. 16 at ¶ 10.)

Plaintiffs worked as Resident Coordinators ("RCs") at various AHF properties.  (*Id.* at ¶¶ 16, 20, 24.)  Jorge lives in Dallas and worked as an RC at the Waterchase Apartments in Dallas. (Dkt. No. 6 at 2, Dkt. No.18 at 5.)  Barry and Schaefer worked as RCs at an AHF property in Irving, just west of Dallas.  (Dkt. No. 19 at 2.)  Schaefer currently resides in the Eastern District of Texas.  (Dkt. No. 16 at 3.)  Plaintiffs allege that Defendants violated the FLSA by employing and failing to adequately compensate Plaintiffs for their work as RCs.  (*Id.* at ¶¶ 40–50.) Defendants move to transfer to the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1404(a).  (Dkt. No. 6.)

## II.    LEGAL STANDARD

If venue in the district in which the case is originally filed is proper, the court may nonetheless transfer a case based on "the convenience of parties and witnesses" to another district where the case could have been brought. 28 U.S.C. § 1404(a).  The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").  In order to support its claim for a transfer under § 1404(a), the moving defendant must demonstrate that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*").  Absent such a showing, however, the plaintiff's choice is to be respected. *Id*. Additionally, when deciding a motion to transfer venue under § 1404(a), the court may consider undisputed facts outside of the pleadings such as affidavits or declarations, but it must draw all reasonable inferences and resolve factual conflicts in favor of the non-moving

2

party. *See Sleepy Lagoon, Ltd. v. Tower Group, Inc.*, 809 F. Supp. 2d 1300, 1306 (N.D. Okla. 2011); *see also Cooper v. Farmers New Century Ins. Co.*, 593 F. Supp. 2d 14, 18–19 (D.D.C. 2008).

### III.   ANALYSIS

Defendants argue that this case shares no connections with the Eastern District of Texas, Marshall Division. (Dkt. No. 6 at 2.) Plaintiffs argue that their choice of venue should be given deference. (Dkt. No. 18 at 4.) The Court is to properly analyze both public and private factors relating to the convenience of the parties and witnesses as well as the interests of particular venues in hearing the case. *See Volkswagen I,* 371 F.3d at 203; *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009). The private factors include: (i) the relative ease of access to sources of proof; (ii) the availability of compulsory process to secure the attendance of witnesses; (iii) the cost of attendance for willing witnesses; and (iv) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Volkswagen I*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public factors include: (i) the administrative difficulties flowing from court congestion; (ii) the local interest in having localized interests decided at home; (iii) the familiarity of the forum with the law that will govern the case; and (iv) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* These factors are to be decided based on "the situation which existed when suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960). Though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *Volkswagen II*, 545 F.3d at 314–15.

3

### A.  Private Interest Factors

#### (1) Relative Ease of Access to Sources of Proof.

Defendants argue that the relative ease of access to sources of proof factor weighs in favor of transfer because witnesses who will testify and relevant physical records are located in Dallas. (Dkt. No. 6 at 5.)  Plaintiffs argue that this factor weighs against transfer because Plaintiffs' records "will be the most important for proving hours worked," and that "[a]s more Plaintiffs continue to join the case, the location of the documents will be where they live."  (Dkt. No. 18 at 6.)  Plaintiffs state that currently, Plaintiffs live in both the Northern District of Texas and the Eastern District of Texas, as Schaefer lives in the Eastern District.  (*Id.* at 2, 6.)  Defendants argue that although Schaefer alleges that she currently lives in this District, "[i]nterstingly, she does not provide any more information about her residence.  She does not even disclose the city where she lives.  Most importantly, Schaefer does not allege that she lives in the Marshall Division."  (Dkt. No. 19 at 3.)

"In terms of witnesses, venue is considered convenient in the district or division where the majority of witnesses are located."  *Empty Barge Lines II, Inc. v. Dredge Leonard Fisher*, 441 F. Supp. 2d 786, 792 (E.D. Tex. 2006) (quoting *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 832 (E.D. Tex. 2002)).  Thus, even taking as true that Schaefer resides in the Eastern District of Texas, the Court finds that a majority of the likely witnesses—including Plaintiffs Jorge and Barry, as well as Defendants AHF and Nguyen (Dkt. No. 6 at 2), and AHF employees Heather Baker, Nathan Campion, and Maria Wallace (*Id.*)—reside in the Northern District of Texas. Therefore, this factor weighs in favor of transfer.

#### (2) Availability of Compulsory Process to Secure Attendance of Witnesses.

Defendants argue that likely witnesses who are not in Dallas are not within the subpoena power of the Marshall Division.  (Dkt. No. 6 at 6.)  Plaintiffs argue the compulsory service factor

4

is neutral because Defendants have failed to identify any witnesses for whom compulsory process would be needed.  (Dkt. No. 18 at 7.)

When a party fails to identify any witnesses for whom compulsory process will be needed, this factor is neutral.  *Westberry v. GusTech Comms., LLC*, 2018 WL 3548869, at *4 (N.D. Tex. July 24, 2018) (citing *Siverston v. Clinton*, 2011 WL 4100958, at *5 (N.D. Tex. Sept. 14, 2011)). This factor focuses particularly on the availability of non-party witnesses whose attendance may need to be secured by a court order.  *Volkswagen II*, 545 F.3d at 216.  Accordingly, as Defendants failed to identify any non-party witnesses for whom compulsory process may be needed, the Court finds that this factor is neutral.

### (3) Cost of Attendance for Willing Witnesses.

Defendants argue that the cost of attendance for willing witnesses factor weighs in favor of transfer because many of the likely witnesses—including Plaintiffs—live and work in Dallas. (Dkt. No. 6 at 6.)  Plaintiffs argue this factor weighs heavily against transfer because this is the most significant factor in the transfer analysis, it primarily concerns the convenience of nonparty witnesses, and Defendants "have failed to identify any witnesses who are not their employees." (Dkt. No. 18 at 7–8.)  Specifically, Plaintiffs allege that "Defendants failed to state why it is more burdensome on its own employees to travel less than three hours on an interstate highway and enjoy free parking at the courthouse in Marshall than to submit themselves to Dallas traffic and downtown parking.  Defendants can easily provide their own employees with time off work to testify in Marshall."  (*Id.* at 8.)  Plaintiffs assert that a transfer would shift the burden of inconvenience from Defendants to Plaintiffs, as "[i]t is far cheaper for the putative class members to drive to Marshall, Texas and park for free than to fly into Dallas, Texas and attempt to navigate the downtown area of the United States's fourth largest city."  (*Id.* at 9.)

5

Plaintiffs are getting ahead of themselves; as it currently stands, no identified witnesses would need to fly into Dallas, Texas in order to testify. Rather, all currently-identified witnesses reside in Texas. The Court is unwilling to speculate on unidentified, unconfirmed plaintiffs, and where they might reside. Further, were the Court willing to so speculate, Defendant points out that even if additional Plaintiffs were added to the present case, "[m]ost of the [AHF] properties that have had Resident Coordinators within the last three years (62%) are in Texas," and "eight [of AHF's] properties are in the Northern District" of Texas. (Dkt. No. 19 at 4.) Accordingly, the Court finds that the cost of attendance for willing witnesses—all of whom except for Schaefer reside in the Northern District of Texas—weighs in favor of transfer.

### (4) *All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive.*

Defendants argue that the easy, expeditious, and inexpensive factor is neutral. (Dkt. No. 6 at 6.) Plaintiffs find that this factor weighs against transfer because it has a pending Motion to Conditionally Certify Class,[1] and "after a class is conditionally certified and more plaintiffs join the case, the location of witnesses and records may change dramatically," and could raise an additional motion to transfer. (Dkt. No. 18 at 10.)

As discussed *supra*, the Court declines to engage in a speculative exercise of predicting the trajectory of the current case, and using such prophecies to inform its decision on the present Motion. Accordingly, the Court finds this factor to be neutral.

### B. Public Interest Factors

### (1) *Administrative Difficulties Flowing from Court Congestion.*

Defendants argue the administrative difficulties flowing from court congestion factor is neutral. (Dkt. No. 6 at 7.) Plaintiffs also find this factor to be neutral. (Dkt. No. 18 at 5.)

---

[1] (Dkt. No. 7.)

Accordingly, the Court finds this factor to be neutral.

### *(2) Local Interest in Having Localized Interests Decided at Home.*

Defendants argue that the local interests factor weighs in favor of transfer because the Northern District of Texas, Dallas Division "is intimately connected to this case," including because Plaintiffs work there and it is where the alleged conduct occurred. (Dkt. No. 6 at 7.) On the other hand, Defendants assert, there is no relevant factual connection to the Marshall Division of the Eastern District of Texas. (*Id.* at 8.) Plaintiffs argue that "additional plaintiffs can continue to join this case," and therefore "[i]t is very likely that" additional plaintiffs who reside in this district will join this case, and that then there will be additional local interests in the Eastern District of Texas. (Dkt. No. 18 at 5–6.)

The facts giving rise to the instant suit stem from the employment of Plaintiffs in the Northern District of Texas, at places of business in the Northern District of Texas. The Court therefore finds that this factor weighs in favor of transfer.

### *(3) Familiarity of the Forum with the Law that Will Govern the Case.*

Defendants argue this factor is neutral. (Dkt. No. 6 at 7.) Plaintiffs also find this factor to be neutral. (Dkt. No. 18 at 5.) Accordingly, the Court finds this factor to be neutral.

### *(4) Avoidance of Unnecessary Problems of Conflict of Laws or the Application of Foreign Law.*

Defendants argue this factor is neutral. (Dkt. No. 6 at 7.) Plaintiffs also find this factor to be neutral. (Dkt. No. 18 at 5.) Accordingly, the Court finds this factor to be neutral.

### IV.   CONCLUSION

For the reasons set forth above, based on the Court's balancing of the convenience factors, the Court finds that the Northern District of Texas is clearly a more convenient venue. Accordingly, Defendants' Motion to Transfer should be and hereby is **GRANTED**.

It is **ORDERED** that the Clerk of the Court is to transfer the instant case to the Northern District of Texas and close the file in this case.

## So Ordered this

**Jul 28, 2020**

_____

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

8