IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANITA JORGE, individually and on behalf of others similarly situated, § § § | | |
| Plaintiff, § § | | |
| v. § § | Civil Action No. 3:20-CV-02782-N | |
| ATLANTINC HOUSING FOUNDATION, § INC., *et al.*, § § | | |
| Defendants. § § | | |

# **MEMORANDUM OPINION AND ORDER**

This Order addresses Plaintiff Anita Jorge's motion to conditionally certify class and send notice to class members [7]. Because Jorge satisfies the requirements of the lenient first step of the two-step *Lusardi* conditional certification process,[1] the Court grants Jorge's motion and conditionally certifies the class as defined below.

### I. THE ORIGINS OF THE ANITA JORGE'S OPT-IN CLASS ACTION

Jorge brought an action asserting claims against Atlantic Housing Foundation, Inc. ("Atlantic") and Michael Nguyen (collectively, "Defendants") to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 201 *et seq*. Jorge is a former "Resident Coordinator" of Atlantic Housing Foundation, a nonprofit organization that provides affordable housing to residents with low or moderate income. Jorge claims that Resident Coordinators' wages are $50 a week plus lodging. Jorge argues

---

[1] *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).

MEMORANDUM OPINION AND ORDER – PAGE 1

that Atlantic has failed to pay Jorge both minimum wage and overtime wages and takes illegal credit against Resident Coordinators' wages in the form of a "rent concession." Jorge moved for a collective action under Section 216(b) of the FLSA and seeks to represent "all persons who were, are, or will be employed by Defendants as a Resident Coordinator at any time within the applicable statute of limitations period." Pl.'s 1st Am. Compl. ¶ 16 [7].

## II. Legal Standard for Opt-In Class Actions Under the FLSA

Section 216(b) of the FLSA allows an individual employee or group of employees to sue "any employer . . . for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Only those employees who have provided express written consent to join the suit may comprise a class under the FLSA.[2] This "opt-in" approach distinguishes FLSA class actions from those pursued under Rule 23's "opt-out" method. *See* Fed. R. Civ. P. 23.

This Court follows the two-step approach to FLSA class certification set forth in *Lusardi v. Xerox Corp.* 99 F.R.D. 89 (D.N.J. 1983) (conditional certification); 118 F.R.D. 351 (D.N.J. 1987) (decertification).[3] In the first step, "the district court makes a

---

[2] "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

[3] The second approach to FLSA class certification, exemplified by *Shushan v. Univ. of Colorado at Boulder*, 132 F.R.D. 263 (D. Colo. 1990), considers "the 'similarly situated' inquiry [under the FLSA] to be coextensive with Rule 23 class certification." *Mooney*, 54 F.3d at 1214. The Fifth Circuit expressly has declined to endorse either approach. *See Kalenga v. Irving Holdings, Inc.*, No. 3:19-CV-1969-S, 2020 WL 2841396, at *2 (N.D. Tex. June 1, 2020) (citing *Portillo v. Permanent Workers, L.L.C.*, 662 F. App'x 277, 279–80 (5th Cir. 2016)). Like most courts, however, the Northern District of Texas adheres to

MEMORANDUM OPINION AND ORDER – PAGE 2

decision — usually based only on the pleadings and any affidavits which have been submitted — whether notice of the action should be given to potential class members." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995). "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.* at 1214. Generally, "courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan" as evidence sufficient to move beyond the first step. *Id.* at 1214 n.8 (quoting *Sperling v. Hoffman-LaRoche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)). "If the district court 'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in.'" *Id.* at 1214; *see also Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165 (1989) (holding that district courts may facilitate notice to potential plaintiffs).

The second step consists of a "decertification" analysis conducted after the close of discovery and upon motion by the defendant. Based on the evidence obtained during discovery, the Court "makes a factual determination on the similarly situated question."[4] *Mooney*, 54 F.3d at 1214. "If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the

---

the two-step *Lusardi* method. *See Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 758 (N.D. Tex. 2013) (collecting cases). The Court sees no reason to deviate from that practice in this case.

[4] "*Lusardi* and its progeny are remarkable in that they do not set out a definition of 'similarly situated,' but rather they define the requirement by virtue of the factors considered in the 'similarly situated' analysis." *Mooney*, 54 F.3d at 1214 (citing various factors used in *Lusardi*, 118 F.R.D. at 359 (original decertification order), and *Lusardi*, 122 F.R.D. at 465–66 (decertification order on remand)).

MEMORANDUM OPINION AND ORDER – PAGE 3

district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives — *i.e.*, the original plaintiffs — proceed to trial on their individual claims." *Id.* Thus, "by its nature," the *Lusardi* approach "does not give recognizable form to an [FLSA] class but lends itself to ad hoc analysis on a case-by-case basis." *Id.* at 1214.

Under Fifth Circuit precedent, courts do not engage in the decertification process until after "discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question." *Id.* Thus, even when the parties have conducted partial or limited discovery before moving for conditional certification, courts do not skip the first step of the Lusardi approach. *See, e.g.*, *Kelly v. Healthcare Servs. Grp., Inc.*, No. 2:13-CV-00441-JRG, 2014 WL 1760904, at *1 (E.D. Tex. May 2, 2014) ("The fact that some discovery has been conducted does not increase the plaintiffs' burden at this first conditional certification stage to the more onerous standard that applies at the second, decertification stage.").

### III.  THE COURT CONDITIONALLY CERTIFIES THE OPT-IN CLASS

Jorge has shown a sufficient "factual or legal nexus" among her claims to satisfy *Lusardi*'s lenient first step. *See McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (collecting cases). Throughout Jorge's pleadings and affidavit, Jorge claims Atlantic subjected her and other Resident Coordinators to a common wage policy that, among other things, resulted in failure to pay minimum wage and overtime wages. Additionally, Jorge claims that other similarly situated current and former employees of

Defendants will join the opt-in class.[5]  Because Jorge seeks only conditional certification at this time, the Court finds her request reasonable in scope and conducive to judicial efficiency.

Accordingly, the Court conditionally certifies a class consisting of:

> All current and former Resident Coordinators and those with similar job duties and pay provisions Atlantic Housing Foundation has employed over the past three years.

The Court orders Defendants to provide Jorge with the names and last known address for each individual falling within the conditionally certified class (the "Employee Information").  Defendants shall provide the Employee Information in an electronic format, or in written format if not available in electronic form, within fourteen (14) days of the date of this Order.  Jorge shall use the Employee Information only to mail notice to potential opt-in plaintiffs.

The Court orders the parties to confer about the content of the notice letter and consent form, and to provide the Court with a proposed notice.  If the parties cannot agree on the content of the notice letter and consent form, they must each submit their proposed forms to the Court with a transmittal letter of no more than three pages explaining the differences in the forms no later than fourteen (14) days after the date of this Order.  Subject to the Court's approval of the notice letter and consent form, the Court authorizes Jorge to

---

[5] *Cf. McKnight*, 756 F. Supp. 2d at 801 ("At this stage, a plaintiff must make a minimal showing that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit.").

MEMORANDUM OPINION AND ORDER – PAGE 5

mail, at Jorge's cost, a copy of the notice letter and consent form, along with a self-addressed, postage-paid return envelope, to each potential class member. Jorge shall mail these materials within fourteen (14) days after the Court's Order approving the notice letter and consent form (the "Mailing Date"). Potential plaintiffs shall have ninety (90) days from the Mailing Date to file a consent form opting-in to this litigation (the "Opt-In Period"), unless the parties agree to permit late filings.

Jorge's counsel shall date stamp the returned consent forms on the day they are received in counsel's office and retain any envelope or other evidence showing the date the consent forms were postmarked or fax-stamped. All consent forms postmarked or fax-stamped on or before the last day of the Opt-In Period will be considered timely. The Court will not accept consent forms postmarked or fax-stamped after the Opt-In Period expires.

Within fourteen (14) days after the last day of the Opt-In Period, Jorge's counsel, on behalf of the opt-in plaintiffs, shall file the consent forms with the Court (the "Filing Date"), noting the received date for each individual. The Court tolls the statute of limitations for each opt-in class member through the Filing Date. The Court will accept late-filed consent forms only for good cause.

The Court also orders that the parties may conduct additional class certification discovery for ninety (90) days after the Filing Date. The Court further orders Defendants to file a motion for decertification within thirty (30) days after the close of class certification discovery, at which time the Court will apply the more stringent review required under *Lusardi*'s second-step analysis.

## CONCLUSION

The Court grants Jorge's motion for notice and conditional certification, conditionally certifies the proposed class, and authorizes notice to potential plaintiffs pursuant to the terms set forth above.

Signed September 29, 2020.

_____
David C. Godbey
United States District Judge