IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ANITA JORGE, BETHELLINE    §
SCHAEFER, TRINA BARRY,    §
individually and on behalf of others    §
similarly situated,    §
   §
    Plaintiffs,    §
   §    No. 3:20-cv-2782-N
V.    §
   §
ATLANTIC HOUSING    §
FOUNDATION, INC. and MICHAEL    §
NGUYEN,    §
   §
    Defendants.    §

**MEMORANDUM OPINION AND ORDER**[1]

Defendants Atlantic Housing Foundation, Inc. ("AHF") and Michael Nguyen

("Defendants") have filed a Motion to Compel, for Sanctions, and for Attorneys' Fees

[Dkt. No. 172 (the "MTC")], "seeking an order to: (A) compel Plaintiffs to respond to

discovery, (B) compel Plaintiffs to provide disclosures, verifications, and produce

documents, (C) sanction Plaintiff Tamara Canzater for failure to appear for her

deposition and to compel her to appear at a deposition prior to the discovery deadline,

(D) sanction Plaintiffs and/or their counsel for failure to respond to interrogatories,

and (E) award fees to Defendants' counsel for having to bring this Motion." Dkt. No.

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

172 at 1.

United States District Judge David C. Godbey has referred the MTC to the undersigned United States magistrate judge for a hearing, if necessary, and determination under 28 U.S.C. § 636(b). *See* Dkt. No. 38.

Plaintiffs filed a response to the MTC, *see* Dkt. No. 182, and Defendants file their reply, *see* Dkt. No. 188.

After carefully reviewing the parties' briefing, the Court GRANTS Defendants' Motion to Compel, for Sanctions, and for Attorneys' Fees [Dkt. No. 172] for the reasons and to the extent explained below.

## Legal Standards

The Court has previously laid out that standards that govern a Federal Rule of Civil Procedure 37(a) motion to compel such as Hunter's MTC, and the Court incorporates and will apply – but will not repeat – those standards here. *See Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 573-86 (N.D. Tex. 2018).

## Analysis

## I.  Plaintiff's response to Defendants' First Requests for Admission and Second Set of Interrogatories to Each Plaintiff and Opt-In Plaintiff

Defendant explain that, "[o]n January 1, 2022, Defendants served its First Requests for Admission and Second Set of Interrogatories to Each Plaintiff and Opt-In Plaintiff on counsel for Plaintiffs (the 'January Requests')"; that "[t]he deadline for Plaintiffs to serve responses was January 31, 2022, but they did not respond or request an extension"; that, "[o]n February 3, counsel for Defendants, Dana Hilzendager, contacted Crystal Le, counsel for Plaintiffs, asking when responses

could be expected" and "Ms. Le represented that the responses would be served by February 11, 2022; however, no responses were received that day either"; and that, "[t]o date, none of the Plaintiffs have responded to the January Requests." Dkt. No. 173 at 2. Defendants assert that "an order compelling their compliance is required" under Federal Rule of Civil Procedure 37(a)(3)(B) and that, "[b]ecause they have failed to timely respond to the interrogatories in the January Requests, Plaintiffs have waived their objections, and must answer the interrogatories in full." *Id.*

Defendants request as relief that the Court order that "[a]ll Plaintiffs must serve responses to the January Requests within five (5) days of the Court's Order granting this Motion"; "[a]ll objections to the January Requests are waived"; and "[a]ll Plaintiffs must serve Interrogatory verifications to the January Requests that state: 'I hereby declare under penalty of perjury that the foregoing is true and correct' within five (5) days of the Court's Order granting this Motion." *Id.* at 9.

For the reasons that Defendants' reply explains, *see* Dkt. No. 188 at 3 & n.6, Plaintiffs' response, asking not to be compelled to answer or respond to the January Requests at all, is not persuasive and does not justify their non-responses to date.

The Court grants the MTC on this ground and orders that, by **April 18, 2022**, all Plaintiffs must fully respond to and answer Defendants' First Requests for Admission and Second Set of Interrogatories to Each Plaintiff, without objections (which are waived by the failure to timely respond at all to date), and with proper verifications of the interrogatory answers (as more fully discussed below) that state: "I hereby declare under penalty of perjury that the foregoing is true and correct."

## II.     Plaintiffs' Rule 26(a) Disclosures

Defendants explain that Federal Rule of Civil Procedure "26(a)(1)(A) requires parties to make initial disclosures to the other parties to a lawsuit without awaiting discovery requests"; that, "[f]or original parties to the suit, the initial disclosure deadline is within 14 days of the parties' 26(f) conference" under Federal Rule of Civil Procedure 26(a)(1)(C); that "[t]he deadline for parties who join the litigation later is 30 days after being joined" under Federal Rule of Civil Procedure 26(a)(1)(D); and that, "[g]iven those deadlines, the latest that any initial disclosures would be due for any Plaintiff was August 5, 2021." Dkt. No. 173 at 2-3.

According to Defendants, "Plaintiffs served initial disclosures dated January 6, 2020, prior to nine of the Opt-In Plaintiffs joining the case, and undated supplemental disclosures, but those disclosures do not provide a computation of damages required under Rule 26(a)"; "[w]hile Plaintiff Jorge served Supplemental Disclosures, even those do not meet the Rule 26(a) requirements"; "[n]one of the other Plaintiffs have served Rule 26(a) initial disclosures at all"; and "Defendants' counsel has repeatedly requested disclosures from the Plaintiffs, most recently, in an email to Plaintiffs' counsel on February 4, 2022," "Defendants have yet to receive them." *Id.* at 3. "As such, all Plaintiffs should be compelled to provide initial disclosures pursuant to Rule 26(a)" under Rule 37(a)(3)(A). *Id.*

Defendants request as relief that the Court order that "[a]ll Plaintiffs must serve Rule 26(a)(1) disclosures within five (5) days of the Court's Order granting this Motion." *Id.* at 9.

-4-

In response, Plaintiffs explains that they "Plaintiffs have no objections to the Requests 3 and Requests 7 and will make a good faith effort to provide responses to Defendants" and that, "[t]o the extent that any disclosures and responses to the July 9 requests have not been completed by the date an Order is entered by this Court on Defendants' Motion, Plaintiffs are in agreement on orders compelling their response." Dkt. No. 182 at 6-7. In reply, Defendants report that the deficiency continues to the date of the reply's filing. *See* Dkt. No. 188 at 6-7.

The Court grants the MTC on this ground and orders that, by **April 18, 2022**, all Plaintiffs must serve complete Rule 26(a)(1) disclosures.

## III.   Plaintiffs' Interrogatory Verifications

Defendants explain that, under Federal Rule of Civil Procedure 33(b), "parties must answer interrogatories under oath, and the person who answers must sign them. Plaintiffs have largely obfuscated this rule"; that "Defendants served Interrogatories on all Plaintiffs, and the only proper verifications served were in connection with the Supplemental Interrogatory Responses for Bethelline Schaefer, Ruby Hill, Robert Dodds, Amy Dodds, Anita Jorge, and Jennifer Pellot," where "[t]he verifications for these six Plaintiffs state: 'I hereby declare under penalty of perjury that the foregoing is true and correct'"; and that "the following Plaintiffs have failed to comply with their obligation to verify their interrogatory responses and must be compelled to do so:

- Trina Barry,
- Patricia Gulley,
- Louise Ismail,
- Jobviance Jennings,

- Andrea Vega,
- Jennifer Austin,
- Tamara Canzater,
- Juanita Small,
- Angela Holley, and
- Nilsa Gutierrez."

Dkt. No. 173 at 3-4 & n.1. Defendants explain that "five [of these listed] Plaintiffs provided improper interrogatory verifications, stating that the individual 'believe[s], based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information, and belief'" and that "[t]his verification does not comply with Rule 34's oath requirement, as it suggests that there is uncertainty that the responses are accurate, which is the very purpose of the oath requirement in the first place." *Id.* at 4 n.1.

And Defendants add that "all Plaintiffs must be ordered to provide verifications with their responses to the January Requests." *Id.* at 4.

Defendants request as relief that the Court order that "Plaintiffs Trina Barry, Patricia Gulley, Louise Ismail, Jobviance Jennings, Andrea Vega, Jennifer Austin, Tamara Canzater, Juanita Small, Angela Holley, and Nilsa Gutierrez must serve Interrogatory verifications for the first set of Interrogatories to their previously served Interrogatory responses that state: 'I hereby declare under penalty of perjury that the foregoing is true and correct' within five (5) days of the Court's Order granting this Motion"; and "[a]ll Plaintiffs must serve Interrogatory verifications to the January Requests that state: 'I hereby declare under penalty of perjury that the foregoing is true and correct' within five (5) days of the Court's Order granting this Motion." *Id.* at 9.

Federal Rule of Civil Procedure 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath," and Federal Rule of Civil Procedure 33(b)(5) requires that "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections." FED. R. CIV. P. 33(b)(3), 33(b)(5). "Answers to interrogatories must be written, and signed under oath by the party to whom the interrogatories were directed – not his or her attorney." *Crum & Forster Specialty Ins. Co. v. Explo Sys., Inc.*, No. 12-3080, 2015 WL 7736650, at *3 n.7 (W.D. La. Nov. 30, 2015) (emphasis in original omitted).

Plaintiffs' verifications that Defendant assert are deficient do not comply with Rule 33(b)(3)'s "under oath" requirement and do not even conform to the requirements for unsworn declarations under penalty of perjury. *See* 28 U.S.C. § 1746. As another court in this circuit has explained,

> [u]nder 28 U.S.C. § 1746, verification requires the "writing of such person which is subscribed by him, as true under penalty of perjury, and dated." The writing must be substantially in the form of "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(2). The Fifth Circuit has found that a verification under 28 U.S.C. § 1746 need not explicitly track the language of the statute, but must at least contain statements that the unsworn statement is made "under penalty of perjury" and verified as "true and correct." A verification that however 'allows the affiant to circumvent the penalties for perjury in signing onto intentional falsehoods,' does not conform to the statute's requirements."

*McFarland v. Brooks*, No. 4:14-CV-00090-DMB-JMV, 2016 WL 1091096, at *2 n.5 (N.D. Miss. Mar. 21, 2016) (cleaned up). And, in reply, Defendants persuasively explains that, although "Plaintiffs claim that these verifications with equivocal

language are valid because they subject Plaintiffs to the penalty of perjury," "[t]his ignores the true problem: that the language does not unconditionally confirm the truth and accuracy of their interrogatory responses." Dkt. No. 188 at 3 n.7 (citation omitted); *cf. Redus v. Univ. of Incarnate Word*, No. SA-14-CA-509-DAE, 2014 WL 12815471, at \*11 (W.D. Tex. Oct. 17, 2014) ("Although the Twombly-Iqbal pleading standard allows for pleadings based on information and belief, plaintiffs have provided no authority to support their contention that responses to discovery may be based on information and belief without identifying the basis of the information or belief, or verifying under oath an inability to answer completely."); *AT&T Corp. v. Park I-10 Motors*, No. SA-13-CV-644-DAE, 2014 WL 12659767, at \*2 (W.D. Tex. Apr. 28, 2014) ("Plaintiff's verification of the interrogatories comports with the requirements of Rule 33. Plaintiff identified Andrew Schuddeboom as its agent who provided the answers, and he signed them, under oath, 'based upon the business records kept in the normal course and scope of business at AT&T Corp.' (See Docket Entry 33, at 3.) An agent's verification is not inappropriate simply because it is based on corporate records rather than personal knowledge.").

In short, Defendants are correct that the interrogatories that they point to lack proper verifications to comply with Rule 33(b)'s "under oath" requirement, and Plaintiffs' explanations in response do not change or excuse that noncompliance.

The Court grants the MTC on this ground and orders that, by **April 18, 2022**, Plaintiffs Trina Barry, Patricia Gulley, Louise Ismail, Jobviance Jennings, Andrea Vega, Jennifer Austin, Tamara Canzater, Juanita Small, Angela Holley, and Nilsa

Gutierrez must serve Interrogatory verifications for the first set of Interrogatories to their previously served Interrogatory responses that state: "I hereby declare under penalty of perjury that the foregoing is true and correct" and that, at the time that they serve their answers to the January Requests, all Plaintiffs must serve interrogatory verifications to their answers to the January Requests that state: "I hereby declare under penalty of perjury that the foregoing is true and correct."

## IV.    Plaintiffs' Production of Responsive Documents

Defendants explain that they "requested documents from each Plaintiff on July 9, 2021, and except for Plaintiffs Anita Jorge and Angela Holley, no Plaintiffs have produced documents"; that "[f]ive of the Plaintiffs even failed to respond to Defendants' document requests altogether (Jennifer Pellot, Robert Dodds, Nilsa Gutierrez, Tamara Canzater, and Jobviance Jennings)," "even though several Plaintiffs testified in their depositions to having responsive documents, and Plaintiffs' counsel admitted to having responsive documents to produce in November 2021"; that Defendants' counsel requested that those documents be produced multiple times, but that has not occurred"; and that "Plaintiffs must now be compelled to produce the responsive documents that they testified to having in their possession during deposition and in the possession of Plaintiffs' counsel, and Plaintiffs R. Dodds, Pellot, Gutierrez, Canzater, and Jennings must be compelled to substantively respond to Defendants' document requests without objections" under Rule 37(a)(3)(B)(iv). Dkt. No. 173 at 4-5 (cleaned up).

Defendants request as relief that the Court order that "Plaintiffs must produce all responsive, non-privileged documents to Defendants' July 9 requests within five (5) days of the Court's Order granting this Motion"; and "Plaintiffs Jennifer Pellot, Robert Dodds, Nilsa Gutierrez, Tamara Canzater, and Jobviance Jennings must serve substantive responses to Defendants' July 9 requests without objections and within five (5) days of the Court's Order granting this Motion." *Id.* at 9.

As noted above, Plaintiffs conceded that the five listed Plaintiffs need to respond. The Court grants the MTC on this ground and orders that, by **April 18, 2022**, Plaintiffs Jennifer Pellot, Robert Dodds, Nilsa Gutierrez, Tamara Canzater, and Jobviance Jennings must serve substantive responses to Defendants' July 9, 2021 requests without objections (which are waived by the failure to timely respond at all to date).

The Court is also persuaded that Defendants reasonably insist that all Plaintiffs must produce responsive documents in short order. The Court further grants the MTC on this ground and orders that, by **April 18, 2022**, Plaintiffs must produce all previously unproduced, non-privileged documents in their possession, custody, or control that are responsive to Defendants' July 9 requests.

## V.   Plaintiffs' Compliance with the Court's February 8 Order

Defendants explain that, "[o]n February 8, 2022, the Court ordered Plaintiffs to return records and emails to Defendants' counsel that were downloaded from AHF's system, without Plaintiffs' counsel having reviewed them, and to delete and destroy any trace of the records on Plaintiffs' and counsels' devices," *see* Dkt. No. 170

at 7"; that "[d]efense counsel has not received any return of records, nor any confirmation from Plaintiffs' counsel that the deletion and destruction has occurred"; and that "the Court should order that the return of records and certification of destruction be completed within five days of the Court's order on this Motion." Dkt. No. 173 at 6 (cleaned up).

Defendants request as relief that the Court order that "Plaintiffs and their counsel must return records and certify deletion and destruction of any records on all devices within five (5) days of the Court's Order granting this Motion." *Id.* at 10.

For the reasons Defendants persuasively explain in their reply, *see* Dkt. No. 188 at 4, the Court grants the MTC on this ground and orders that, by **April 18, 2022**, Plaintiffs and their counsel must return records and certify deletion and destruction of any records on all devices in compliance with the Court's February 8, 2022 Order.

## VI.    Request to Sanction Plaintiff Tamara Canzater for Non-Appearance at Her Deposition and Compel Her to Attend Her Deposition Before Discovery Closes

Defendants assert that,

[o]n February 2, 2022, Defendants noticed the deposition of Opt-In Plaintiff Tamara Canzater on February 11, 2022, to begin at 9:30 a.m. CT. Ms. Canzater failed to appear at her deposition. App. 126, 129-149 (Jones Decl. ¶¶ 4, 5 and Ex. B-1). Ms. Canzater's counsel informed defense counsel 30 minutes prior to the deposition that: (1) she had not been able to get in touch with Ms. Canzater for the two days prior to the scheduled deposition, and (2) Ms. Canzater would be unable to attend her deposition because she had purportedly gone to the emergency room the night before. App. 005-006, 111 (Hilzendager Decl. ¶ 13 and Ex. A-12). Had Ms. Canzater been in touch with her counsel or had Plaintiffs' counsel informed defense counsel of the need to reschedule even 24 hours in advance – when Plaintiffs' counsel admittedly had not been able

to get in touch with Ms. Canzater – defense counsel would have avoided the expense of preparing for the deposition on February 10 and 11 and creating a record of Plaintiff Canzater's nonappearance. App. 126 (Jones Decl. ¶ 4). In addition, the court reporter could have been rescheduled without a late cancellation fee. *Id.* They did not do so, and therefore, Defendants incurred costs they should not have to incur. *Id.*

      Federal Rule of Civil Procedure 37(d) permits a court to order sanctions if "a party ... fails, after being served with proper notice, to appear for that person's deposition" including payment of "reasonable expenses including attorneys' fees caused by the failure" unless it was "substantially justified" or an award of expenses would be unjust. FED. R. CIV. P. 37(d). The Court should award sanctions here because there was no substantial justification for non-attendance. Indeed, "[p]arties may not escape sanctions simply by notifying the attorney who noticed the deposition that they will not appear." *Hernandez v. State Farm Lloyds*, No. DR-15-CV-092-AM/CW, 2016 WL 10519946, at *2 (W.D. Tex. June 14, 2016) (citing *Rangel v. Gonzalez Mascorro*, 214 F.R.D. 585, 592 (S.D. Tex. 2011)) (quotations and alterations omitted). Instead, Courts determine whether reasonable notice of cancellation was given. *Hernandez*, 2016 WL 10519946, at *2. Here, there can be no question that 30 minutes' notice of cancellation of a deposition is not reasonable. *Id.* (finding that two hours' notice was not reasonable).

      As such, Ms. Canzater should be required to pay $325 for the taxable cost of the Notice of Non-Appearance, and $1,880 for a total of four hours of Defendants' counsel's time in connection with the non-appearance, for a total of $2,205. App. 126-127, 129-149 (Jones Decl. ¶¶ 5, 8 and Ex. B-1). Defendants' counsel spent approximately one hour preparing for and participating in the creation of a record in support of the notice of non-appearance and more than three hours in deposition preparation that will have to be performed again when Ms. Canzater is finally deposed. App. 127 (Jones Decl. ¶ 8.)

Dkt. No. 173 at 6-8.

      Defendants request as relief that the Court order that "Plaintiff Tamara Canzater is sanctioned in the amount of $2,205 for her nonappearance at her deposition, to be paid within five (5) days of the Court's Order granting this Motion"; and "Plaintiff Tamara Canzater is compelled to appear at a deposition prior to the discovery deadline in this matter." *Id.* at 10.

Plaintiffs offer no response. In reply, Defendants explain: "Since filing the Motion, defense counsel has attempted to re-set Canzater's deposition twice and was forced to unilaterally issue deposition notices twice because Canzater has not been responsive to her lawyer. It is clear that Canzater is refusing to participate in this litigation, further supporting the need for sanctions against her." Dkt. No. 188 at 2 n.5.

Federal Rule of Civil Procedure 37(d)(1)(A) provides that "[t]he court where the action is pending may, on motion, order sanctions if: (i) a party … fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(i). "A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under [Federal Rule of Civil Procedure] 26(c)." FED. R. CIV. P. 37(d)(2). "Rule 37(d) sanctions are available without a prior court order" and "may include any of the orders listed in [Federal Rule of Civil Procedure] 37(b)(2)(A)(i)-(vi)," and, "[i]nstead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3); *Nguyen v. Louisiana State Bd. of Cosmetology*, No. CV 14-80-BAJ-RLB, 2016 WL 67731, at *1 (M.D. La. Jan. 5, 2016).

Defendants have established that Plaintiff Tamara Canzater failed to appear for her properly noticed deposition without substantial justification, and the Court

determines that no other circumstances make an award of expenses unjust. The

Court GRANTS the MTC on this ground and ORDERS under Rule 37(d)(3) that

> •    Plaintiff Tamara Canzater is required to appear at a deposition prior to the discovery deadline in this matter (which is currently May 1, 2022, *see* Dkt. No. 176); and
> •    by **April 29, 2022**, Plaintiff Tamara Canzater must personally pay Defendants Atlantic Housing Foundation, Inc. and Michael Nguyen the reasonable expenses, including attorneys' fees, in the total amount of $2,205, caused by her failure to appear for her properly-noticed deposition. Those expenses are limited to $325 for the taxable cost of the Notice of Non-Appearance and $1,880 for a total of four hours of Defendants' counsel's time in connection with the non-appearance.

## VII.   Request to Sanction Plaintiffs and/or their Counsel for Failure to Respond to the Interrogatories in the January 2022 Requests

Defendants assert that, "[b]ecause the January Requests that have not been

responded to include interrogatories, Plaintiffs and/or their counsel should be

sanctioned pursuant to Fed. R. Civ. P. 37(d)(1)(A) for failing to answer them." Dkt.

No. 173 at 8. Defendants further explain:

> Defendants' counsel made good faith efforts to confer with Plaintiffs' counsel, both by email and by phone, to secure the interrogatory responses. App. 003, 005, 023-026 (Hilzendager Decl. ¶¶ 5, 13 and Ex. A-2). Further, no substantial justification exists to allow Plaintiffs' counsel to avoid the payment of sanctions. In the February 4 call, Plaintiffs' counsel, Ms. Le, informed Defendants' counsel that the responses "slipped her mind," and Ms. Le has not provided a reason for missing the February 11 date when she said the responses would be served, nor did she request an extension. App. 003 (Hilzendager Decl. ¶ 5).

Dkt. No. 173 at 8. Defendants request as relief that the Court order that "Plaintiffs'

counsel is sanctioned at least $1,000 for the failure to serve responses to the

interrogatories in the January Requests, to be paid within five (5) days of the Court's

Order granting this Motion." *Id.* at 10.

Federal Rule of Civil Procedure 37(d) provides that "[t]he court where the action is pending may, on motion, order sanctions if: ... (ii) a party, after being properly served with interrogatories under Rule 33 ..., fails to serve its answers, objections, or written response," but "[a] motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." FED. R. CIV. P. 37(d)(1). And "[a] failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under [Federal Rule of Civil Procedure] 26(c)." FED. R. CIV. P. 37(d)(2).

Rule 37(d)(3) explains that "[s]anctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)," and that, "[i]nstead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3). Rule 37(b)(2)(A) sanctions include: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v)

dismissing the action or proceeding in whole or in part; [or] (vi) rendering a default judgment against the disobedient party." FED. R. CIV. P. 37(b)(2)(A)(i)-(vi).

The Court finds that Defendants' counsel made good faith efforts to confer with Plaintiffs' counsel to secure the interrogatory answers without court action. And the Court finds that Plaintiffs' explanations (*see* Dkt. No. 182 at 7-8) do not establish that their failure was substantially justified or that other circumstances make an award of expenses unjust. Other time demands or work required in this case does not excuse or justify counsel's serving nothing at all in response to the January Requests, even after an agreed extension. And counsel's now arguing that some of these interrogatories are somehow objectionable is no excuse where Plaintiffs did not file a motion for protective order. *See* FED. R. CIV. P. 37(d)(2).

But Defendants do not explain how a $1,000 by Plaintiffs' counsel amounts to an appropriate sanction as payment of the reasonable expenses, including attorneys' fees, caused by Plaintiffs' failure to answer the interrogatories in the January Requests or as any type of sanction authorized under Rules 37(b)(2)(A)(i)-(vi) and 37(d)(3). Rather, the Court finds that Plaintiffs' counsel should be sanctioned for their failure to have Plaintiffs prepare and serve any answers to the interrogatories served in January 2022 by being required to pay Defendants the reasonable attorneys' fees that they incurred in preparing and filing those portions of their MTC, appendix (including supporting declarations), and reply that are related to Plaintiff's failure to serve any answers to Defendants' Second Set of Interrogatories, and the Court grants the MTC to award those specified Rule 37(d) sanctions.

Plaintiffs' counsel and Defendants' counsel are directed to confer by telephone or videoconference about the reasonable amount of these attorneys' fees to be awarded under Rule 37(d), as specified above. By no later than **April 22, 2022**, the parties must file a joint report notifying the Court of the results of the conference. If all disputed issues as to the amount of reasonable attorneys' fees to be awarded to Defendants have been resolved, Defendants' counsel must also send an agreed proposed order to the Court at Horan_Orders@txnd.uscourts.gov by **April 22, 2022**.

If the parties do not reach an agreement as to the amount of fees to be awarded, Defendants must, by no later than **April 29, 2022**, file an application for these attorneys' fees that is accompanied by supporting evidence establishing the amount of the reasonable attorneys' fees (as described above) to be awarded under Rule 37(d). The fee application must be supported by documentation evidencing the "lodestar" calculation, including affidavits and detailed billing records, and citations to relevant authorities and must set forth the itemized number of hours expended in connection with the recoverable attorneys' fees described above as well as the reasonable rate(s) requested. *See Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002).

If an application is filed, Plaintiffs must file a response by **May 13, 2022**, and Defendants must file any reply by **May 27, 2022**.

## VIII.  Award of Expenses for Bringing this MTC

Defendants assert that "Plaintiffs must be required to pay Defendants' expenses for having to bring this [MTC], including attorneys' fee if the Motion is granted or any of the discovery sought herein is provided after this Motion is filed"

under Federal Rule of Civil Procedure 37(a)(5)(A)"; that Defendants' counsel has been attempting to secure much of the discovery requested in this Motion since at least October 2021, to no avail"; that, "[i]n response, Plaintiffs' counsel repeatedly stated that the discovery would be provided (often within days) and repeatedly failed to follow through"; that "[i]t is only after attempting to secure the discovery for months that Defendants filed this [MTC] seeking the Court's assistance"; and that "Defendants respectfully request that the Court award them at least $4,700 for ten hours of attorney time spent between February 11-16, 2022 in reviewing discovery requests and responses from the 16 Plaintiffs, reviewing correspondence with counsel since mid-2021, conducting research, and drafting the Motion, this brief, the declarations, and assembling the Appendix." Dkt. No. 173 at 8-9 (cleaned up).

Defendants request as relief that the Court order that "Defendants are awarded attorneys' fees in the minimum amount of $4,700 for having to bring this Motion, to be paid within five (5) days of the Court's Order granting this Motion." *Id.* at 10.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movants reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery

without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A).

Federal Rule of Civil Procedure 37(a)(5)(A) requires the Court to order payment of the movant's reasonable expenses in making a motion to compel, including payment of attorneys' fees, when a motion to compel is granted. *See id*. But Rule 37(a)(5)(A) also requires the Court must give Plaintiffs and their counsel an opportunity to be heard as to an award of fees and expenses and provides three exceptions under which the Court must not order payment of the movant's fees and expenses. See FED. R. CIV. P. 37(a)(5)(A)(i)-(iii). The Court finds that Defendants filed their MTC only after attempting to obtain the discovery without court action.

But the Court will grant Plaintiffs and their counsel an opportunity to, by **May 8, 2022**, file a response explaining why the Court should not award expenses under Rule 37(a)(5)(A) – specifically, requiring Plaintiffs and/or their counsel pay Defendants their reasonable attorneys' fees incurred in preparing and filing their MTC, appendix (including supporting declarations), and reply in support – and to fully explain whether either of the other two exceptions applies, specifically, whether Plaintiffs' and their counsel's failures to respond to discovery and serve their required disclosures and the other failures discussed in this order were "substantially justified" or whether other circumstances make an award of expenses under Rule 37(a)(5)(A) unjust.

If Plaintiffs file this response, Defendants may, by **May 22, 2022**, file a reply in support of an award under Rule 37(a)(5)(A) of their reasonable attorneys' fees in preparing and filing their MTC, appendix (including supporting declarations), and reply in support.

## Conclusion

For the reasons and to the extent explained above, the Court GRANTS Defendants' Motion to Compel, for Sanctions, and for Attorneys' Fees [Dkt. No. 172].

SO ORDERED.

DATED: April 11, 2022

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE