**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ANITA JORGE, BETHELLINE SCHAEFER, TRINA BARRY, individually and on behalf of others similarly situated,** | § § § § § | |
| **Plaintiffs,** | § § | **Civil Action No. 3:20-cv-02782-N** |
| **v.** | § § | |
| **ATLANTIC HOUSING FOUNDATION, INC. and MICHAEL NGUYEN,** | § § § § | |
| **Defendants.** | § § | |

---

**REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR RULE 37(a)(5)(A)
EXPENSES RELATED TO THEIR MOTION TO COMPEL**

---

Defendants Atlantic Housing Foundation, Inc. ("AHF") and Michael Nguyen (collectively, "Defendants") file this Reply in support of their request for Rule 37(a)(5)(A) expenses, including attorneys' fees, related to their Motion to Compel ("MTC") [ECF No. 173] (the "Rule 37(a)(5)(A) Application") and respectfully request that the Court award Defendants $27,924.00 as a reasonable payment for Plaintiffs' repeated and egregious discovery failings.[1]

## I.    SUMMARY

After granting Defendants' MTC in its entirety, the Court gave Plaintiffs another opportunity to respond to Defendants' Rule 37(a)(5)(A) Application, but its mandate was clear: (1) fully explain why Plaintiffs' and counsel's discovery deficiencies were "substantially

---

[1] Unless given another meaning in this Reply, capitalized terms correspond with the definitions provided in the MTC and the Court's Memorandum Opinion and Order, dated April 11, 2022 [ECF No. 190] ("Order").

justified," or (2) fully explain whether other circumstances make an award of expenses unjust. *See* Order at 19. Plaintiffs did neither. Instead, they concede that the persistent discovery deficiencies were not substantially justified (Plaintiffs' Response to Defendants' Requests for Attorneys' Fees and Expenses [ECF No. 194] ("Response") at 4), and simply offer unpersuasive reasons why they believe an award of expenses would be unjust. No rationale justifies avoiding an award of expenses for the wholesale failure to respond to Defendants' January 2022 Requests,[2] failure to provide initial disclosures for some of the Plaintiffs (for many months), failure to provide production responses for some of the Plaintiffs (for many months), and failure to produce documents (for many months). The Court should grant Defendants' Rule 37(a)(5)(A) Application as requested below.

## II.     GRANTING DEFENDANTS' RULE 37(a)(5)(A) APPLICATION IS JUST

Plaintiffs' proffered reasons as to why an award of expenses would be unjust can be summarized as follows:

1. While not all, at least some Plaintiffs provided appropriate interrogatory verifications;[3]

2. While not all, at least some Plaintiffs provided disclosures under the Rule 26;

3. Plaintiffs could not provide disclosures because they needed information from Defendants to provide their alleged unpaid hours and purported damages;

4. Defendants did not specifically identify Plaintiffs' missing documents; and

---

[2] The Parties agreed that Plaintiffs' counsel would pay Defendants $3,700 as Rule 37(d) sanctions related only to Plaintiffs' failure to respond to Defendants' Second Set of Interrogatories. The January 2022 Requests, however, also included requests for admissions to which Plaintiffs also failed to respond with no justification or even explanation. Moreover, the January 2022 Requests were prompted in the first place by Plaintiffs' prior failure to adequately respond to similar sets of discovery previously served. Plaintiffs actually argued in their Response to the MTC that the January 2022 requests were duplicative, thereby rationalizing their ignoring them even though they had not properly responded to any similar requests.

[3] This reason largely relies on the contention that Defendants did not confer on the verification issue prior to filing the MTC. The verification issue is the least of the concerns regarding Plaintiffs' deficient responses and does not justify a complete pass on Rule 37(a)(5)(A) expenses but is emblematic of them.

5.  Defendants did not wait long enough to point out Plaintiffs' failure to comply with the Court's grant of AHF's Emergency Motion for Protective Order [*see* ECF No. 170].

Each of these "circumstances" are little more than excuses and none establish why an award of expenses in Defendants' favor would be unjust. *See Vestas-Am. Wind Tech., Inc. v. Salazar*, No. 6:19-CV-00076-H, 2021 WL 4896142, at *2 (N.D. Tex. Mar. 27, 2021) ("The burden of demonstrating substantial justification or other circumstances making sanctions unjust rests with the party whose failure is at issue.").

First, Plaintiffs' arguments about their partial compliance with Rule 33's verification requirements and with the Rule 26 disclosures are not convincing. The fact that some Plaintiffs provided proper interrogatory verifications and disclosures makes the other Plaintiffs' noncompliance that much more unusual, especially considering they are all represented by the same counsel.[4] Plaintiffs' improper verification language is also minor compared to Plaintiffs' other discovery failings and does not make an award of expenses unjust.

Second, Plaintiffs' attempt to shift blame for their conduct on Defendants by claiming that they could not provide initial disclosures without first receiving certain documents from Defendants that may support their alleged unpaid hours worked/damages claims (i.e., calendars and emails) ignores several facts:

1.  Defendants have produced over 20,000 pages of documents in this case, the majority of which were produced by September 2021, five months before the MTC was filed;

2.  A computation of damages is just one part of the disclosures required under Rule 26(a)(1), and Plaintiffs do not explain why they failed to address the remainder of the disclosure topics;

3.  Plaintiffs in an FLSA matter should have an idea of the alleged hours they worked that were not compensated, even if it was just an estimate upon which their alleged damages

---

[4] In total, there are fifteen Plaintiffs in this wage-hour collective action, with the recent dismissal of Tamara Canzater [ECF No. 198]. Seven opted into the lawsuit before the Court granted conditional certification and the subsequent eight opted-in after conditional certification (those eight opt-ins will be referred to as the "Later Opt-Ins").

would be based; and

4. Plaintiffs are not excused from complying with their discovery obligations, even if they believe Defendants have not, which is not the case.[5]

In short, Plaintiffs have not met their burden of establishing why an award of expenses would be unjust when the Later Opt-Ins only served disclosures *after* being ordered to do so as a result of Defendants' MTC (not to mention, Defendants had requested the disclosures months earlier). The is the exact scenario that an award of Rule 37 expenses was meant to address.

<u>Third</u>, Plaintiffs argue that an award of expenses would be unjust because Defendants did not specifically identify each and every document that Plaintiffs should produce. This circular argument would require Defendants to know what relevant documents Plaintiffs possess, something that only Plaintiffs and their counsel could possibly know. Even Plaintiffs' own exhibits to the Response reflect that Defendants' counsel addressed Plaintiffs' production deficiencies several times, specifically identifying requests to which Plaintiffs objected and did not produce documents. *See* Response App. 0007, 0011, 0016, 0018.

In response to Defendants' conference efforts, Plaintiffs' counsel provided little to no clarification on the production issues raised and even promised to produce documents that had yet to be served before Defendants filed the MTC. For example, on November 6, 2021, Plaintiffs' counsel promised to produce documents for Plaintiffs Jorge, Jenkins, and Austin, yet those documents were not produced until after the Court issued the Order. *See* Response App. 0014. This "circumstance" likewise fails to make an award of expenses unjust.

<u>Finally</u>, Plaintiffs' two-fold argument that (1) only eight days elapsed since the Court's Order granting AHF's Motion for Protective Order [ECF No. 170] before Defendants filed the

---

[5] Plaintiffs also contend that Defendants' disclosures are deficient. *See* Response at 3. This is the first time Plaintiffs have ever even suggested this, but in any event, it has no impact on whether an award of expenses is appropriate against Plaintiffs. Should Plaintiffs wish to confer regarding their contention, Defendants are available to do so.

MTC, in part, to enforce compliance with that Order, and (2) Defendants' counsel did not first confer with Plaintiffs' counsel on that point is unavailing. The first is a merit-based argument that was rejected when the Court granted the MTC with respect to Plaintiffs' noncompliance with the Protective Order and is not a defense against an award of expenses. *See Arch. Granite & Marble, LLC v. Pental*, No. 3:20-CV-295-L-BK, 2022 WL 1090262, at *6 (N.D. Tex. Apr. 11, 2022) ("Under the circumstances presented here, the Court finds that an award of attorneys' fees in Defendant's favor is appropriate. Plaintiffs' only argument is that Defendant's motion was meritless, but that is plainly inaccurate given that he prevailed on nearly all of the issues presented."). The second fails because Defendants are not required to confer with Plaintiffs on whether they have violated a Court order. *See Vestas*, 2021 WL 4896142, at *1 ("The parties' conference on whether the Court's order has been violated is irrelevant to the Court's authority to enforce its order and impose sanctions for their violation.").

Plaintiffs failed to satisfy their burden to establish sufficient circumstances making an award of expenses in Defendants' favor unjust.

## III.   DEFENDANTS' SHOULD RECOVER REASONABLE EXPENSES FOR ADDITIONAL TIME SPENT AFTER FILING THE INITIAL MTC

As Plaintiffs have established no substantial justification or other circumstances making an award of expenses unjust, Defendants respectfully request that the Court order Plaintiffs and/or their counsel to pay Defendants' reasonable expenses. *See* Fed. R. Civ. P. 37(a)(5)(A).

In the Rule 37(a)(5)(A) Application, Defendants requested *at least* $4,700 for fees incurred to file the MTC and the Appendix in support. That figure was based on drafting and researching during a 5-day period prior to (but not including) the date of filing the MTC. When considering Defendants' extensive efforts related to the MTC, an award of $27,924.00 is

reasonable.[6] Defendants' counsel: (1) conferred about the various subjects of the MTC; (2) reviewed and analyzed Plaintiffs' Response to the MTC [ECF No. 182]; (3) drafted Defendants' Reply Brief in support of the MTC [ECF No. 188]; (4) performed the additional work of parsing through the incomplete supplemental discovery responses provided by Plaintiffs[7]; (5) reviewed and analyzed Plaintiffs' Response to Defendants' Requests for Attorneys' Fees and Expenses for Defendants' Motion to Compel [ECF No. 194]; and (6) conducted research regarding this filing and drafted this brief, along with the corresponding Declaration, and Appendix, and preparing the spreadsheet of attorneys' fees attached to the Declaration.[8] *See* Declaration of Molly Jones, attached in the supporting Appendix. Notably, Plaintiffs have yet to fully comply with the Order, and Defendants' counsel are continuing to devote time to evaluate and review Plaintiffs' deficient discovery. Jones Decl. ¶ 10.

## IV.    REQUEST FOR RELIEF

Plaintiffs are 15 individuals who claim to be owed minimum wage and overtime under the FLSA for supposedly having worked off-the-clock; until only recently, however, they have been unable to explain or provide information about the alleged unpaid hours worked, the people who have knowledge of such alleged unpaid work, or how it is that they intend to present their claimed off-the-clock work. It was only through the MTC that most Plaintiffs finally attempted to quantify

---

[6] *See, e.g., Appel v. Wolf*, No. 1:21-cv-522-RP, 2021 WL 8442029, at *4 (W.D. Tex. Sept. 17, 2021) (finding an award of almost $25,000.00 reasonable following party's successful motion to quash).

[7] Given the incomplete and piecemeal nature by which Plaintiffs' counsel served discovery and supplemental discovery, extensive time and effort was required by defense counsel to determine whether Plaintiffs had complied with their discovery obligations and the Court's Order. *See* Jones Decl. ¶ 10.

[8] *See Mercury Luggage Man. Co. v. Domain Protection, LLC*, No. 3:19-cv-1939-M-BN, 2022 WL 254351, at *2 (N.D. Tex. Jan. 27, 2022) (Hon. David L. Horan) ("Rule 37(a)(5) can include 'fees on fees' for the time expended in filing a motion for attorneys' fees."); *see also* Jones Decl. ¶¶ 8-13. This amount is the "lodestar," which is the "number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *See also Mercury*, 2022 WL 254351, at *4. The lodestar is presumed reasonable. *Id.* at *5. The hourly rates charged by Defendants, ranging between $165 and $540, are reasonable. *See id.* at *6 (finding an hourly rate of $455 to be reasonable).

their claims for the first time—more than 2 ½ years into this litigation. For these reasons, and those identified in the MTC, Defendants respectfully request that the Court grant Defendants' Rule 37(a)(5)(A) Application; award Defendants their costs and attorneys' fees in the amount of $27,924.00, jointly and severally against Plaintiffs and Plaintiffs' counsel, within 30 days of the Court's order; and grant all additional relief that it deems just and proper.

Respectfully submitted,

*/s/Andrew M. Gould*
Andrew M. Gould
Texas Bar No. 00792541
andrew.gould@wickphillips.com
Molly M. Jones
Texas Bar No. 24100271
molly.jones@wickphillips.com
Dana M. Hilzendager
Texas Bar No. 24106099
dana.hilzendager@wickphillips.com

**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: 214-692-6200
Facsimile: 214-692-6255

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

On May 23, 2022, a true and correct copy of the foregoing instrument was filed with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that the document was served on all counsel and/or *pro se* parties of record by a manner authorized by the Federal Rules of Civil Procedure 5(b)(2).

*/s/Andrew M. Gould*
Andrew M. Gould