IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANITA JORGE, BETHELLINE SCHAEFER, TRINA BARRY, individually and on behalf of others similarly situated, | § § § § § | |
| Plaintiffs, | § § | |
| V. | § § § | No. 3:20-cv-2782-N |
| ATLANTIC HOUSING FOUNDATION, INC. and MICHAEL NGUYEN, | § § § § | |
| Defendants. | § § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**[1]

Defendants Atlantic Housing Foundation, Inc. ("AHF") and Michael Nguyen ("Defendants") filed a Motion to Compel, for Sanctions, and for Attorneys' Fees [Dkt. No. 172 (the "MTC")], "seeking an order to: (A) compel Plaintiffs to respond to discovery, (B) compel Plaintiffs to provide disclosures, verifications, and produce documents, (C) sanction Plaintiff Tamara Canzater for failure to appear for her deposition and to compel her to appear at a deposition prior to the discovery deadline, (D) sanction Plaintiffs and/or their counsel for failure to respond to interrogatories, and (E) award fees to Defendants' counsel for having to bring this Motion." Dkt. No.

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

172 at 1.

The Court granted the MTC and explained that

Defendants assert that "Plaintiffs must be required to pay Defendants' expenses for having to bring this [MTC], including attorneys' fee if the Motion is granted or any of the discovery sought herein is provided after this Motion is filed" under Federal Rule of Civil Procedure 37(a)(5(A)"; that Defendants' counsel has been attempting to secure much of the discovery requested in this Motion since at least October 2021, to no avail"; that, "[i]n response, Plaintiffs' counsel repeatedly stated that the discovery would be provided (often within days) and repeatedly failed to follow through"; that "[i]t is only after attempting to secure the discovery for months that Defendants filed this [MTC] seeking the Court's assistance"; and that "Defendants respectfully request that the Court award them at least $4,700 for ten hours of attorney time spent between February 11-16, 2022 in reviewing discovery requests and responses from the 16 Plaintiffs, reviewing correspondence with counsel since mid-2021, conducting research, and drafting the Motion, this brief, the declarations, and assembling the Appendix." Dkt. No. 173 at 8-9 (cleaned up).

Defendants request as relief that the Court order that "Defendants are awarded attorneys' fees in the minimum amount of $4,700 for having to bring this Motion, to be paid within five (5) days of the Court's Order granting this Motion." *Id.* at 10.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movants reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A).

Federal Rule of Civil Procedure 37(a)(5)(A) requires the Court to order payment of the movant's reasonable expenses in making a motion to compel, including payment of attorneys' fees, when a motion to compel is granted. *See id.* But Rule 37(a)(5)(A) also requires the Court must give Plaintiffs and their counsel an opportunity to be heard as to an award of fees and expenses and provides three exceptions under which the Court must not order payment of the movant's fees and expenses. See

> FED. R. CIV. P. 37(a)(5)(A)(i)-(iii). The Court finds that Defendants filed their MTC only after attempting to obtain the discovery without court action.
>
> But the Court will grant Plaintiffs and their counsel an opportunity to, by **May 8, 2022**, file a response explaining why the Court should not award expenses under Rule 37(a)(5)(A) – specifically, requiring Plaintiffs and/or their counsel pay Defendants their reasonable attorneys' fees incurred in preparing and filing their MTC, appendix (including supporting declarations), and reply in support – and to fully explain whether either of the other two exceptions applies, specifically, whether Plaintiffs' and their counsel's failures to respond to discovery and serve their required disclosures and the other failures discussed in this order were "substantially justified" or whether other circumstances make an award of expenses under Rule 37(a)(5)(A) unjust.
>
> If Plaintiffs file this response, Defendants may, by **May 22, 2022**, file a reply in support of an award under Rule 37(a)(5)(A) of their reasonable attorneys' fees in preparing and filing their MTC, appendix (including supporting declarations), and reply in support.

Dkt. No. 190 at 17-20.

After further briefing as directed, the Court entered an Electronic Order explaining that,

> [a]fter carefully reviewing the parties' briefing, the Court finds that Plaintiffs' and their counsel's failures to respond to discovery and serve their required disclosures and the other failures discussed in the April 11, 2022 Memorandum Opinion and Order [Dkt. No. 190] -- other than those resolved by the Agreed Order [Dkt. No. 192] regarding fees signed by the parties -- were not substantially justified and that other circumstances do not make an award of expenses under Federal Rule of Civil Procedure 37(a)(5)(A) unjust.
>
> Plaintiffs do not argue that their failures were substantially justified. And, as Defendants Atlantic Housing Foundation, Inc. and Michael Nguyen persuasively argue in reply [Dkt. No. 200], the Court is not persuaded that imposing an award of fees to be paid, jointly and severally, by Plaintiffs and their counsel would be unjust because, as Plaintiffs argue, "(1) the issues of the insufficiency of the oath of five Plaintiffs were brought up with the first time in the motion, (2) Plaintiff Barry did not fail to verify her interrogatory responses and this was an error by Defendants, (3) [] disclosures were provided by the initial seven Plaintiffs, (4) [] Defendants' disclosures do not comply with Rule 26(a),

(5) [] the issues surrounding Defendants' requests for relevant documents was general and non-specific to where both defense counsel and Plaintiff's counsel acknowledged the need to review their own deposition notes on February 4, and (6) the request to comply with the February 8 order came only 8 days after its issuance and Plaintiffs and Defendants never discussed the issue warranting it being part of the Motion to Compel." Dkt. No. 194 at 4.

First, Plaintiffs' failures are not excused by any alleged deficiencies in Defendants' responses to Plaintiffs' discovery requests, see Lopez v. Don Herring Ltd., 327 F.R.D. 567, 581 (N.D. Tex. 2018), and neither would any such alleged failures make a Rule 37(a)(5) award unjust under the circumstances. Second, the Court is not persuaded that a fee award is unjust because Defendants were too diligent in seeking to remedy Plaintiffs' and their counsel's failure to comply with the Court's prior order [Dkt. No. 170]. Third, as Defendants persuasively assert, "that some Plaintiffs provided proper interrogatory verifications and disclosures makes the other Plaintiffs' noncompliance that much more unusual, especially considering they are all represented by the same counsel." Dkt. No. 200 at 3. Fourth, the Court is persuaded by Defendants' reply arguments as to why a fee award should not be denied based on Plaintiffs' arguments that "they could not provide initial disclosures without first receiving certain documents from Defendants that may support their alleged unpaid hours worked/damages claims" or that that "the issues surrounding Defendants' requests for relevant documents [were too] general and non-specific." Id. at 3-4.

At first glance, allocating the amount of fees among Plaintiffs or Plaintiffs' counsel appears challenging here because of the breadth of failures involved across several plaintiffs. But all of the plaintiffs' initial disclosures were at least partially deficient, see Dkt. No. 190 at 4-5; at least 9 plaintiffs' interrogatory verifications were defective, see Dkt. No. 190 at 5-9; Dkt. No. 194 at 2; all of the plaintiffs' document productions were incomplete, see Dkt. No. 190 at 9-10; and all of the plaintiffs and their counsel had failed to comply with the Court's February 8, 2022 Order, see Dkt. No. 10-11.

For the reasons explained in the April 11, 2022 Memorandum Opinion and Order [Dkt. No. 190] and Defendants' reply [Dkt. No. 200], these failures merit the award that Defendants request under Rule 37(a)(5): an award to Defendants of their costs and attorneys' fees incurred in preparing and filing their Motion to Compel, for Sanctions, and for Attorneys' Fees [Dkt. No. 172] and the appendix (including supporting declarations) and reply in support -- but excluding the $3,700.00 that the parties agreed that Plaintiffs' counsel will pay Defendants as Federal Rule of Civil Procedure 37(d) sanctions related only to Plaintiffs' failure to respond to Defendants' Second Set of

Interrogatories, as required by the April 11, 2022 Memorandum Opinion and Order [Dkt. No. 190] and approved by a later agreed order [Dkt. No. 192], and excluding time spent on internal discussions regarding strategy and on performance of administrative matters (such as filing documents with the Court) -- to be paid, jointly and severally, by Plaintiffs and Plaintiffs' counsel, who counseled and, as the attorneys in charge, were ultimately responsible for many of these discovery failures. Cf. United Healthcare Servs., Inc. v. Next Health, LLC, No. 3:17-CV-00243-E-BT, 2022 WL 992744, at *4 (N.D. Tex. Apr. 1, 2022); Simmons v. Tarrant Cnty. 9-1-1 Dist., No. 3:13-cv-1389-M, 2014 WL 2587516, at *5-*6 (N.D. Tex. June 10, 2014).

Defendants' reply [Dkt. No. 200] provides support for this award in the amount of $27,924.00. This includes fees incurred in the reply [Dkt. No. 200] itself, which - while allowable in the Court's discretion – the Court had not specifically authorized or discussed in the April 11, 2022 Memorandum Opinion and Order [Dkt. No. 190]. But an application may also include a request for recovery of the fees incurred in preparing and filing the fee application itself. See Liberty Ins. Underwriters Inc. v. First Mercury Ins. Co., No. 3:17-cv-3029-M, 2019 WL 7900687, at *5 (N.D. Tex. Mar. 11, 2019) (noting that Rule 37(a)(5) can include "fees on fees" for the time expended in filing a motion for attorneys' fees). And the Court determines such an award is proper here.

The Court determines that, under Rule 37(a)(5), Defendants Atlantic Housing Foundation, Inc. and Michael Nguyen will be awarded their costs and attorneys' fees incurred in preparing and filing their Motion to Compel, for Sanctions, and for Attorneys' Fees [Dkt. No. 172], and the appendix (including supporting declarations) and reply in support as well as their reply in support of fees [Dkt. No. 200] and accompanying appendix [Dkt. No. 201] – but not the $3,700.00 that the parties agreed that Plaintiffs' counsel will pay Defendants as Federal Rule of Civil Procedure 37(d) sanctions related only to Plaintiffs' failure to respond to Defendants' Second Set of Interrogatories, as required by the April 11, 2022 Memorandum Opinion and Order [Dkt. No. 190] and approved by a later agreed order [Dkt. No. 192] – to be paid, jointly and severally, by all of the plaintiffs and Plaintiffs' counsel.

Defendants' reply [Dkt. No. 200] is accompanied by supporting evidence establishing the amount of these attorneys' fees (as described above) to be awarded under Rule 37(a) and documentation evidencing the "lodestar" calculation, including affidavits and detailed billing records, and citations to relevant authorities and sets forth the itemized number of hours expended in connection with the recoverable attorneys' fees described above as well as the hourly rate(s) requested.

But, because this was presented in a reply, and because the Court is only now deciding the scope of the proper award, the Court will permit

> Plaintiffs to file a response brief, by August 31, 2022, to the requested amount and Defendants' "lodestar" calculation and supporting materials – that is, whether $27,924.00 is the proper amount for the award that the Court just described and determined it will impose under Rule 37(a)(5)(A). The Court will then determine and enter an order on the final amount of the award described above.

Dkt. No. 207.

Plaintiffs filed their response, *see* Dkt. No. 208, and Defendants then filed a Motion for Leave to File Sur-Surreply in Support of Defendants' Request for Rule 37(a)(5)(A) Expenses Related to Their Motion to Compel, *see* Dkt. No. 209, with a proposed sur-surreply attached, *see* Dkt. No. 210, which Plaintiffs oppose, *see* Dkt. No. 212.

After carefully considering the arguments as to leave to file Defendant's sur-surreply, the Court determines that, in this unusual situation in which Defendants' fee application (on which they bear the burden) was presented in a reply (or, in some sense, sur-reply), the Court should and does grant leave because the sur-reply (or sur-surreply) functions here as a reply through which a movant or applicant appropriately has "the last word on a matter." *Anderton v. Texas Parks & Wildlife Dep't*, No. 3:13-cv-1641-N, 2014 WL 11281086, at *1 n.1 (N.D. Tex. Feb. 14, 2014) (cleaned up), *aff'd*, 605 F. App'x 339 (5th Cir. 2015). The Court grants leave to file and will consider Defendants' Sur-Surreply in Support of Defendants' Request for Rule 37(A)(5)(A) Expenses Related to Their Motion to Compel [Dkt. No. 211].

## Legal Standards

Federal Rule of Civil Procedure 37(a)(5) requires, if a motion to compel is granted in part and denied in part, the Court may issue any protective order

authorized under Federal Rule of Civil Procedure 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion. *See* FED. R. CIV. P. 37(a)(5)(C). But Rule 37(a)(5)(A) also requires that the Court give Domain Protection an opportunity to be heard as to an award of fees and expenses and provides three exceptions under which the Court must not order payment of the movant's fees and expenses. *See* FED. R. CIV. P. 37(a)(5)(A)(i)-(iii).

Where an award is appropriate, "[r]easonable attorneys' fees are determined through a two-step process." *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 415 (5th Cir. 2022) (footnote omitted).

"The district court must first calculate the lodestar – the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.* (cleaned up). The parties seeking reimbursement of attorneys' fees bear the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id.*

The hours remaining are those reasonably expended, and "[t]he lodestar is presumed reasonable." *Fessler*, 23 F.4th at 415 (footnote omitted). But, as a second step, "after calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on the relative weights of the twelve factors set forth in [*Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974)]." *Black v.*

*SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457. And, "once calculated, the party seeking modification of the lodestar under the *Johnson* factors bears the burden." *Fessler*, 23 F.4th at 416.

## Analysis

For purposes of Rule 37(a)(5)(A)(i)-(iii), the Court already found that no exception applies to preclude an award of fees to Defendants. *See* Dkt. No. 207.

Defendants' fee application is supported by, and discussed in further detail in, the Declaration of Molly Jones. *See* Dkt. No. 201. That declaration lays out the billing rates for the three attorneys who worked on Defendants' Motion to Compel, for Sanctions, and for Attorneys' Fees [Dkt. No. 172], the Brief in Support [Dkt. No. 173], the Appendix in Support [Dkt. No. 174], and the Reply in Support [Dkt. No. 188], along with the Reply in Support of Defendants' Request for Expenses Related to Their Motion to Compel [Dkt. No. 200], and the declaration itself and the exhibit, and includes detailed invoices laying out the required time entries. Ms. Jones explains:

> 2. I am a partner with Wick Phillips Gould & Martin, LLP ("Wick Phillips"), and have been an attorney at the firm since November 2015. Along with Andrew Gould and Dana Hilzendager, I am representing Atlantic Housing Foundation, Inc. ("AHF") and Michael Nguyen (collectively, "Defendants") in the above-captioned lawsuit.
> 3. I am an attorney at law duly admitted and licensed to practice before this Court and the courts of the State of Texas and have been so licensed since May 2016. I am also admitted and licensed to practice before the courts of the State of Georgia and have been so licensed since January 2010. In addition, I am licensed to practice in the United States Courts of Appeals for the Eleventh and Fourth Circuits; the United States District Courts for the Eastern and Western Districts of Texas; the United States District Court for the Northern District of Georgia; and the United States District Court for the Northern District of Florida.

  4. I have been practicing law for more than 12 years and have extensive experience in handling all aspects of employment litigation, including cases involving wage and hour issues certified as a collective action under the Fair Labor Standards Act ("FLSA"). My billing rate for this matter is a reduced rate of $470.00 per hour.

  5. Andrew Gould is a partner at Wick Phillips and has been since 2004. He has practiced law for 28 years and is licensed to practice in the States of Texas and New York. He is certified by the Texas Board of Legal Specialization in labor and employment law and has been since 2003. Mr. Gould's billing rate for this matter is a reduced rate of $540 per hour.

  6. Dana Hilzendager is an associate at Wick Phillips and has been since 2019. She has been licensed to practice law in the State of Texas since 2017. Ms. Hilzendager's billing rate for this matter is a reduced rate of $365 per hour.

  7. I personally performed legal services, and supervised Ms. Hilzendager, on behalf of Defendants, in the work related to the Motion to Compel, for Sanctions, and for Attorneys' Fees [ECF No. 172], the Brief in Support [ECF No. 173], the Appendix in Support [ECF No. 174], and the Reply in Support [ECF No. 188] (collectively, the "MTC"), along with the Reply in Support of Defendants' Request for Expenses Related to Their Motion to Compel, this Declaration, and the attached exhibit (collectively, the "Reply").

  8. Ms. Hilzendager and I (having lower billing rates than Mr. Gould) have been primarily responsible for evaluating all of Plaintiffs' various discovery responses, conferring with Plaintiffs' counsel at various times regarding discovery, analyzing Plaintiffs' filings with the Court in connection with the MTC, and conducting research and drafting the MTC and Reply. Mr. Gould helped to coordinate overall strategy and provided some limited drafting assistance. Ms. Hilzendager had responsibility for gathering and analyzing the more than 25 sets of Plaintiffs' discovery responses and conferring with Plaintiffs' counsel on various issues.

  9. In total, I spent 22.3 hours on work associated with the MTC and the Reply, which included drafting, reviewing communications with Plaintiffs' counsel, legal research, and reviewing Ms. Hilzendager's work.

  10. Ms. Hilzendager spent 41.8 hours drafting, conducting legal research, communicating with Plaintiffs' counsel, and reviewing and evaluating Plaintiffs' discovery responses. This amount of time is reasonable given the sheer number of Plaintiffs' discovery deficiencies and the piecemeal nature by which Plaintiffs' counsel served the information and documents, which made it difficult to decipher whether their obligations had been fulfilled. Further, Plaintiffs have yet to fully

> comply with the Order, and Ms. Hilzendager, Mr. Gould, and I are continuing to devote time to evaluate and review Plaintiffs' deficient discovery and demand compliance.
>
> 11. Mr. Gould spent 10.9 hours reviewing our work and assisting with the overall strategy involved with issues concerning Plaintiffs' discovery deficiencies, the MTC, and the Reply.
>
> 12. Attached hereto as Exhibit A-1 is a true and correct copy of a spreadsheet containing the data from the invoices for this matter reflecting the entries relevant to the MTC and the Reply, including this Declaration. I have carefully reviewed all billing entries, and I certify that the work reflected in the spreadsheet was actually performed. Time billed to this matter relating to issues other than the MTC and the Reply have been excluded, as have seemingly duplicative time entries for tasks related to the MTC and the Reply. Time spent on internal discussions regarding strategy and on performance of administrative matters (such as filing documents with the Court) also have been excluded. Further reductions have been included for certain tasks to ensure reasonableness (compare the total 96.5 in the "Billed Hours" column with the 75 "Hours Related to Motion to Compel" column in Ex. A-1). As such, I believe the billing entries listed in the invoices constitute reasonable expenses related to the MTC.
>
> 13. The total amount of reasonable attorneys' fees incurred by Defendants relating to the MTC and the Reply is $27,924.00. This amount excludes the $3,700.00 that the Parties agreed Plaintiffs' counsel will pay Defendants as Rule 37(d) sanctions related only to Plaintiffs' failure to respond to Defendants' Second Set of Interrogatories, as required by ECF No. 190 and approved by ECF No. 192.

Dkt. No. 201 at App. 001-004.

Plaintiffs respond "that the request improperly includes hours and work unrelated to the preparation of the MTC and not authorized by the Court's Order either on April 11, 2022 or the subsequent order on August 10, 2022" and, "[s]pecifically, the request for fees improperly includes (1) time spent 'pursuing strategy' regarding discovery without any specific explanation of what this constitutes; (2) time spent reviewing discovery responses that would have been incurred regardless of any failure to respond; (3) time spent in preparing for

additional sanctions for noncompliance with a court order and contempt not properly sought under 37(a)(5)(A) [where "Defendants' spent time ensuring compliance with the April 11, 2022 order which is unrelated to the MTC, but instead used in preparation for a possible Motion for Contempt and for additional sanctions for noncompliance which Defendants are not seeking here"]; and (4) time spent on reaching an reviewing responses to Second Interrogatories and reaching an Agreed Order on 37(d) sanctions." Dkt. No. 208 at 2 (footnote omitted). "Plaintiffs request that the Court exclude any requests for fees not authorized by the Court's Order or by law" and "that after excluding the disallowed entries that the Court reduce the remaining fee award based on the following factors: (1) insufficient evidence as to justify an hourly billing rate for Dana Hilzendager of $365.00 per hour, and (2) reduction of hours and fees for excessive, duplicative time entries for work that is uncomplicated and does not involve novel issues of law and reflect a lack of billing judgment" – "[s]pecifically, the time involved in preparing the Reply in Support of 37(a)(5)(A) Fees is excessive, especially in light of the time comparatively spent in preparing the more complicated MTC and Response Briefs." *Id.* at 2-3 (footnote omitted).

The Court will address each argument in turn.

First, the Court ruled that the award will exclude "time spent on internal discussions regarding strategy." Dkt. No. 207. Ms. Jones has explained that "[t]ime spent on internal discussions regarding strategy and on performance of administrative matters (such as filing documents with the Court) also have been

excluded." Dkt. No. 201 at App. 004. And the challenged time entries use the word "strategy" but do not reflect time spent on internal discussions of strategy. *See* Dkt. No. 208-1 at App. 003; Dkt. No. 211 at App. 003. The Court overrules Plaintiffs' objections to these time entries totaling 6.3 hours by Mr. Gould.

Second, the Court's award does not include time spent initially reviewing the discovery responses, *see* Dkt. No. 207, and the Court will exclude all but the .5 hours on April 20, 2022 because the other challenged time entries totaling 15.1 hours are not, on the Court's review, attorneys' fees incurred in preparing and filing their Motion to Compel, for Sanctions, and for Attorneys' Fees [Dkt. No. 172], and the appendix (including supporting declarations) and reply in support as well as their reply in support of fees [Dkt. No. 200] and accompanying appendix [Dkt. No. 201]. *See* Dkt. No. 208-1 at App. 004-005.

Third, the Court will not award Defendants both $3,700 that the parties agreed that Plaintiffs' counsel will pay Defendants as Federal Rule of Civil Procedure 37(d) sanctions related only to Plaintiffs' failure to respond to Defendants' Second Set of Interrogatories, as required by the April 11, 2022 Memorandum Opinion and Order [Dkt. No. 190] and approved by a later agreed order [Dkt. No. 192], and an fees over $3,700 (which Defendants subtracted from their overall fee request) for time spent by Defendants' counsel related to the motion on those interrogatories and to negotiating the agreed $3,700 award. The Court understands that the interrelated nature of these awards and the time spent on the motion as a whole make excluding that time difficult but will err on the side of awarding less, not more than the Court has stated

-12-

it will order. The Court will exclude the challenged time entries totaling 6.6 hours. *See* Dkt. No. 208-1 at App. 006.

Fourth, while, "[g]enerally, the reasonable hourly rate for a community is established through affidavits of other attorneys practicing there," "the Court also may use its own expertise and judgment to make an appropriate independent assessment of the hourly rates charged for the attorneys' services." *Montgomery-Bey v. S. Methodist Univ.*, No. 3:20-cv-3521-E-BN, 2021 WL 4527257, at *3 (N.D. Tex. Sept. 8, 2021) (cleaned up), *rep. & rec. adopted*, No. 3:20-CV-3521-E, 2021 WL 4521141 (N.D. Tex. Oct. 4, 2021). Considering these professionals' experience and the local market rates, the Court finds that their respective requested hourly rates are all reasonable, including for Ms. Jones and Ms. Hilzendager, as Defendants' sur-surreply further supports.

Finally, the Court agrees that Defendants' submitted time records do not reflect improper block billing and that, while many time entries may include no reduction, "Plaintiffs offer no support for the argument that Defendants did not exercise billing judgment or that the Court should reduce the Requested Amount by 20%." Dkt. No. 211 at App. 006.

With these reductions, and based on the Court's review of the submitted materials, the Court finds the appropriate lodestar here to be calculated as a total fee of $22,842.50 based on a total of 53.3 hours of work consisting of 1) 9.4 hours by attorney Andrew Gould at an hourly rate of $540, for total of $5,076.00; 2) 16.6 hours by attorney Molly Jones at an hourly rate of $470, for total of $7,802.00; and 3) 27.3

hours by attorney Dana Hilzendager at an hourly rate of $365, for total of $9,964.50 – but all reduced by $3,700.00, for a total fee award of $19,142.50.

Defendants do not seek an enhancement of the attorneys' fees, and there are no other exceptional circumstances. The undersigned has considered the *Johnson* factors and finds that none of them weigh in favor of modifying the lodestar.

## Conclusion

For the reasons explained above, the Court awards, under Federal Rule of Civil Procedure 37(a)(5), Defendants Atlantic Housing Foundation, Inc. and Michael Nguyen their costs and attorneys' fees incurred in preparing and filing their Motion to Compel, for Sanctions, and for Attorneys' Fees [Dkt. No. 172], and the appendix (including supporting declarations) and reply in support as well as their reply in support of fees [Dkt. No. 200] and accompanying appendix [Dkt. No. 201] – but not the $3,700.00 that the parties agreed that Plaintiffs' counsel will pay Defendants as Federal Rule of Civil Procedure 37(d) sanctions related only to Plaintiffs' failure to respond to Defendants' Second Set of Interrogatories, as required by the April 11, 2022 Memorandum Opinion and Order [Dkt. No. 190] and approved by a later agreed order [Dkt. No. 192] – in the amount of $19,142.50, to be paid, jointly and severally, by all of the plaintiffs and Plaintiffs' counsel.

SO ORDERED.

DATED: October 7, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE